IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| RONALD R. CARTER, ) </br> ) </br> Movant, ) </br> ) </br> vs. ) </br> ) </br> UNITED STATES OF AMERICA, ) </br> ) </br> Respondent. ) | Case No. 12-0344-CV-W-ODS </br> Crim. No. 09-00237-01-CR-W-ODS |

<u>ORDER AND OPINION DENYING MOTION FOR POSTCONVICTION RELIEF AND
DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY</u>

Pending is Movant's request for postconviction relief pursuant to 28 U.S.C. § 2255. The Motion is denied, and the Court declines to issue a Certificate of Appealability.

I. <u>BACKGROUND</u>[1]

Pursuant to a Plea Agreement, Movant plead guilty to one count of possessing for more grams of cocaine base with intent to distribute and one count of being a felon in possession of a firearm. Per the agreement, an additional count for conspiring to distribute more than fifty grams of cocaine base was dismissed. The Sentencing Guidelines recommended a sentence of 70 to 87 months, but the enhancement contained in 21 U.S.C. § 851 applied so the statutory minimum sentence for the drug count was 120 months.[2] On March 10, 2011, Movant was sentenced to 120 months on each count, with the sentences to run concurrently. Pursuant to statute, Movant was also ordered to pay a $100 special assessment for each count of conviction for a total assessment of $200. Movant did not appeal.

---

[1] There is no need for a hearing in this matter because there are no relevant factual disputes to resolve.

[2] It should be noted that if Count I had not been dismissed, the minimum sentence would have been 240 months.

## II. DISCUSSION

Movant alleges his attorney provided ineffective assistance in counseling or permitting him to plead guilty to the firearm charge. A claim of ineffective assistance of counsel is governed by the standard set forth in Strickland v. Washington, 466 U.S. 668 (1984). "This standard requires [the applicant] to show that his 'trial counsel's performance was so deficient as to fall below an objective standard of reasonable competence, and that the deficient performance prejudiced his defense.'" Nave v. Delo, 62 F.3d 1024, 1035 (8th Cir. 1995), cert. denied, 517 U.S. 1214 (1996) (quoting Lawrence v. Armontrout, 961 F.2d 113, 115 (8th Cir. 1992)). This analysis contains two components: a performance prong and a prejudice prong.

> Under the performance prong, the court must apply an objective standard and "determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance," Strickland, 466 U.S. at 690, while at the same time refraining from engaging in hindsight or second-guessing of trial counsel's strategic decisions. Id. at 689. Assuming the performance was deficient, the prejudice prong "requires proof 'that there is a reasonable probability that, but for a counsel's unprofessional errors, the result of the proceeding would have been different.'" Lawrence, 961 F.2d at 115 (quoting Strickland, 466 U.S. at 694).

Id. Failure to satisfy both prongs is fatal to the claim. Pryor v. Norris, 103 F.3d 710, 713 (8th Cir. 1997) (no need to "reach the performance prong if we determine that the defendant suffered no prejudice from the alleged ineffectiveness"); see also DeRoo v. United States, 223 F.3d 919, 925 (8th Cir. 2000).

Movant presents a variety of theories as to why the gun charge violates the Constitution. All of his theories have been consistently rejected by the courts, so his attorney's failure to advise him of these alleged defenses did not prejudice Movant. Specifically:

- Statutes prohibiting felons from possessing firearms do not violate the Second Amendment. E.g., United States v. Bena, 664 F.3d 1180, 1182-83 (8th Cir. 2011)

2

(citing District of Columbia v. Heller, 554 U.S. 570 (2008)); United States v. Joos, 638 F.3d 581, 586 (8th Cir. 2011).

- Statutes prohibiting felons from possessing firearms do not violate the Equal Protection Clause by creating distinctions based on a person's status as a felon. E.g., Lewis v. United States, 445 U.S. 55, 65 (1980); see also Heller, 554 U.S. at 626.

- The Commerce Clause permits Congress to impose criminal penalties for felons who knowingly possess firearms that have traveled in interstate commerce. E.g., Joos, 638 F.3d at 586 (citing cases).

There was no prejudice to Movant because counsel failed to advise him of "defenses" that have been rejected repeatedly.

Movant also argues that because the sentences were ordered to run concurrently he should have been ordered to pay only one special assessment. He further contends that counsel was ineffective for failing to raise a double jeopardy argument based on the improper assessment. However, there is no double jeopardy violation: Movant was convicted on two counts. The custodial sentences were ordered to run concurrently, but there were still two convictions. Therefore, the requirement that he pay a special assessment for each count of conviction is valid. Cf. United States v. Kateusz, 238 Fed. Appx. 184 (8th Cir. 2007). Counsel was not ineffective for failing to object to the imposition of two special assessments.

### III.   DENIAL OF CERTIFICATE OF APPEALABILITY

In order to appeal, Petitioner must first obtain a Certificate of Appealability. The Court customarily issues an Order addressing the Certificate of Appealability contemporaneously with the order on the Petition because the issues are fresh in the Court's mind and efficiency is promoted. See Rule 11(b), Rules Governing Section

2254/2255 Proceedings. 28 U.S.C. § 2253(c)(2) provides that a Certificate of Appealability should be granted "only if the applicant has made a substantial showing of the denial of a constitutional right." This requires Petitioner to demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (quotation omitted).

None of Movant's arguments deserve further consideration. His arguments have been repeatedly rejected by the Courts.

## IV. CONCLUSION

The Motion for Postconviction Relief is denied. A Certificate of Appealability will not be issued.

IT IS SO ORDERED.

DATE: August 6, 2012

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT